UNITED STATES of America ex rel.
John JOHNSON H–6753, Appellant,

v.

Harry RUSSELL, Superintendent.
No. 19334.

United States Court of Appeals,
Third Circuit.

Argued June 8, 1971.

Decided July 7, 1971.

Benjamin Lerner, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for appellant.

Peter S. Greenberg, Deputy Dist. Atty. (James D. Crawford, Deputy Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa. on the brief), for appellee.

Before STALEY, ADAMS, Circuit Judges, and GARTH, District Judge.

ADAMS, Circuit Judge.

The petitioner in this case is collaterally attacking the guilty plea entered by him after completion of the Commonwealth's evidence in a state criminal trial on the grounds that he was inadequately represented by counsel at the time of entering the plea and that the plea was the product of inadequate representation by counsel during the trial.

On July 15, 1966, Johnson was arrested for a robbery which had just been committed. One and a half months later, after the preliminary hearing had been held, the Philadelphia Voluntary Defender's Office entered an appearance, conducted an interview and investigation, and prepared a file on the case. The case was listed for trial several times, and each time it was called it was continued although the prosecuting witness was in court prepared to testify.

The case was scheduled for the final time on October 11, 1966. When the case was called, the Voluntary Defender on duty in the courtroom explained to the presiding judge that the case had been assigned to another attorney and that she neither had the file nor knew anything about the case. The judge, apparently concerned with the well-being of the prosecution's principal witness, who was in poor health, ordered the case to trial later that morning. After a brief delay, during which the Defender conferred both with her client and the Assistant District Attorney, the Defender informed the court that the defendant desired to plead not guilty and to present an alibi

defense.[1] Jury trial was waived and the judge agreed to hear the defense case a few days later in order to enable defense counsel to interview the alibi witness.

The Commonwealth then presented its case, which consisted of the testimony of the victim and two policemen. The Voluntary Defender fully cross-examined the complainant, and asked one question of one of the officers. At the close of the prosecution's evidence, after a brief discussion with his attorney, the defendant changed his mind and pleaded guilty.[2] The defendant was sentenced to prison for four and one half to ten years and did not appeal.

Some time later (the specific date is not in the record), Johnson filed a petition for relief under the Pennsylvania Post Conviction Hearing Act, 19 PS §§ 1180–1 to –14 (Supp. 1970). The petition was denied without opinion on November 27, 1967.[3] In September, 1968, Johnson filed a petition for habeas corpus in the district court.[4] An evidentiary hearing was held on November 5, 1969, and on February 10, 1970, Judge Higginbotham denied relief. This appeal followed.

■ Since the date of the district court's opinion, which fully discussed the performance at trial of the defense attorney,[5] the United States Supreme Court has limited the scope of inquiry in cases like this where the defendant has entered a guilty plea in a state criminal trial. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). These cases hold that when a defendant pleads guilty upon the advice of competent counsel, he waives prior constitutional infirmities and "assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts." McMann v. Richardson, *supra* at 774, 90 S.Ct. at 1450. *See* Parker v. North Carolina, *supra*, at 796, 90 S. Ct. 1458. Before we may examine the conduct of the trial before the entry of the plea, we must find "serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." 397 U.S. at 774, 90 S.Ct. at 1450.

In United States ex rel. Grays v. Rundle, where the factual situation was very similar to the one in this case, our Circuit held, en banc, that where a defendant later challenges the validity of his guilty plea, "the burden of persuasion

---

1. The defendant's alibi witness, his employer, was not present in the courtroom at this time.

2. At the change of plea, the following colloquy occurred:
   "[Defense Attorney]: Your Honor, the defendant wishes at this time—Have you rested?
   [Ass't Dist. Attorney]: The Commonwealth rests. It offers the exhibits in evidence.
   [Defense Attorney]: The defendant will change his plea, Your Honor.
   The Court: You explain everything to him.
   By [Defense Attorney]:
   Q. Mr. Johnson, is it true at this time after hearing the Commonwealth's case you wish to change your plea to guilty?
   A. Yes, I do.
   Q. Have you been offered anything by myself or the district attorney to change your plea?
   A. No.

   The Court: You know you have a right to [sic] in this case. You even have a right to be tried by jury. You understand that, don't you?
   The Witness: Yes.
   The Court: And [the Defense Attorney] is representing the individual. I have not offered to do anything because you are changing your plea.
   The Witness: Yes, sir.
   The Court: You understand that?
   The Witness: Yes, sir.
   The Court: How old are you?
   The Witness: Forty-two.
   The Court: All right."

3. Aff'd *per curiam*, Commonwealth v. Johnson, 212 Pa. Super. 724, 241 A.2d 367 (1968), allocatur denied, 213 Pa. Super. xliv (1968).

4. United States ex rel. Johnson v. Russell, 309 F.Supp. 125 (E.D.Pa.1970).

5. 309 F.Supp. at 127–128.

[is] upon the relator to show that his plea was not entered as an intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.' "[6] However, because the district judge decided the present case prior to *Grays*, he applied the earlier rule, which placed the burden upon the Commonwealth to validate the plea.[7] Nevertheless, he found, from all of the evidence before him "that her advice to relator that he change his plea to guilty was competent, effective legal counsel and that relator was not prejudiced thereby."[8]

 There is adequate evidence to support the finding by the district court that the petitioner was not denied the effective assistance of competent counsel *at the time of the plea.*

Petitioner's allegations of inadequacy are directed solely at his attorney's lack of preparation, which was not attributable to her neglect or fault. However, she was a competent, experienced defense attorney, and despite the unavailability of the Voluntary Defender File, it was not a "serious dereliction" for her to conclude, on the basis of her interview with the defendant, her knowledge of the Commonwealth's case after it was fully presented, and her general experience with alibi defenses, "that no defense that we could put on would possibly prevail, and that the defendant would do himself at least some good by changing his plea at that time rather than waiting to be found guilty by the court."[9]

Because petitioner was adequately served by counsel when he entered his guilty plea,[10] we need not further inquire into the adequacy of representation during the trial phase of the proceedings or the procedure utilized in expediting the case.[11]

Accordingly, the order of the district court will be affirmed.

---

6. 428 F.2d 1401, 1404 (3rd Cir. 1970). It was specifically noted that "relator had counsel and there is no evidence, found by the court to be credible, of incompetent advice of such counsel." *Id.* at n. 9.

7. United States ex rel. Johnson v. Russell, 309 F.Supp. 125, 127 (E.D.Pa.1970).

8. *Id.* at 128. The district judge specifically found that Johnson's testimony "lacked credibility" and that his ineffective counsel argument lacked merit. *Id.* at 129.

9. *Id.* at 127. In fact, defense counsel's judgment was ultimately vindicated when

she discovered that the file substantially agreed with the information given her by the defendant.

10. Furthermore, on the basis of the credibility of the defense counsel and the lack of credibility of the petitioner, the district court found that the plea was not in any way coerced by the petitioner's attorney. *Id.* at 128–129.

11. It is conceivable that a situation might arise where inadequate preparation for trial by counsel may well fatally flaw the competency of the advice to plead guilty and thus constitute grounds for a new trial.