Dissenting Opinion by
Packed, J.:
At the commencement of a trial in 1954, the judge appointed a voluntary defender to represent the appellant who, along with three others, was being tried for seven aggravated robberies. The voluntary defender promptly asked for a continuance so that he could interview the defendants and prepare a defense. The request was denied. The defendant testified as to his innocence, but after the introduction of a confession containing his signature and after a co-defendant changed his plea to guilty and implicated the defendant, he changed his plea to guilty.
The appellant sought relief by way of a Post Conviction Hearing Act petition based upon the invalidity of his guilty plea and ineffective assistance of counsel. The petition was denied. It is necessary to consider only the latter ground because the case clearly demonstrates that the appellant was denied effective assistance of counsel by the refusal to grant him time for adequate preparation.
It is well settled that the right to counsel is the right to the effective assistance of counsel. Hawk v. Olson, 326 U.S. 271, 66 S. Ct. 116 (1945). In the landmark case of Powell v. Alabama, 287 U.S. 45, 71, 53 S. Ct. 55, 65 (1932), the United States Supreme Court *432 concluded that the duty to furnish counsel “. . . is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.” The Third Circuit Court of Appeals has adopted a prophylactic rule that the tardy appointment of counsel, so shortly before trial as to deny opportunity for investigation and preparation, is inherently prejudicial and makes out a prima facie case of ineffective assistance of counsel so that the burden is upon the Commonwealth to prove lack of prejudice. United States ex rel. Mathis v. Rundle, 394 F. 2d 748 (3d Cir. 1968).
In the instant case, the appellant’s counsel was given no opportunity for consultation prior to trial. The issues were complex and involved serious charges, multiple defendants, critical identification testimony and confessions.[1] All of these called for extensive pretrial preparation. The seriousness and complexity of these issues made it manifest that the denial of the continuance was prejudicial to the appellant and deprived him of a fair trial.
A reversal for denial of a fair opportunity for preparation of a case is applicable even though an appellant may have pled guilty. Diverse considerations are applicable to that declaration, as stated in United States v. Rundle, supra (394 F. 2d at 752) The point is that because of the haste that marked the entire process this lawyer was simply in no position to evaluate his case, and make considered judgments on these matters’ [inter alia, of whether to encourage or discourage his client’s plea of guilty]. Martin v. Virginia, 365 F. 2d 549, 553-54 (4th Cir. 1966).” See, also, Fields v. Peyton, 375 F. 2d 624 (4th Cir. 1967). Applying a “to *433 tality of circumstances” test in Commonwealth ex rel. McKenna v. Cavell, 423 Pa. 387, 224 A. 2d 616 (1966), the Court held the defendant’s guilty pleas to be involuntary in light of his counsel’s clearly inadequate and ineffective representation.
The Commonwealth’s reliance upon United States ex rel. Johnson v. Russell, 444 F. 2d 1177 (3d Cir. 1971), as a closely analogous case, is misplaced. In that case counsel was appointed to represent the defendant over one month prior to trial. What is more, defense counsel was given an opportunity to confer with her client at the outset of the trial, and no motion for a continuance was made. Defendant’s guilty plea was held, therefore, to be voluntarily entered upon the advice of competent counsel. That Court, however, recognized “. . . that a situation might arise where inadequate preparation for trial by counsel may well fatally flaw the competency of the advice to plead guilty and thus constitute grounds for a new trial.” (444 F. 2d at 1179, n.11).
In Avery v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 322 (1940), the United States Supreme Court held that the denial of a continuance in itself did not constitute a denial of effective assistance of counsel but warned that: “. . . the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution’s requirement that an accused be given the assistance of counsel.”
The appointment of counsel under the facts of the instant case, coupled with the order to proceed immediately with trial, amounted in effect to window dressing to complete a conviction.
The order of the court below should be reversed and a new trial granted.
Hokb'Man and Spaulding, JJ., join in this dissent.

 As to the appellant’s confession, he testified that he had not read it, that he had only a fourth grade education and practically could not read or write except for signing his name.