**UNITED STATES of America**

v.

**Lonnie THOMAS, III.**

**Crim. A. No. 75–333.**

United States District Court,
E. D. Pennsylvania.

April 10, 1979.

David A. Garfunkel, Philadelphia, Pa., for plaintiff.

James J. Rohn, Asst. U. S. Atty., Peter F. Vaira, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Petitioner Lonnie Thomas has filed a motion to vacate, set aside, or correct his sen-

tence pursuant to 28 U.S.C. § 2255. At this time, we consider whether a hearing on this motion is appropriate, or whether the record before us, as it has been supplemented, disposes of the need for a hearing and enables us to decide the issues presented in this motion.

The background information, as disclosed by the record in this case, demonstrates that on July 14, 1975, defendant Thomas pled guilty before this court to one count of violating Title 18, Section 1715 of the United States Code, knowingly causing a concealable firearm to be delivered by mail. During the guilty plea colloquy held in accordance with Fed.R.Crim.P. 11, the parties stated that a plea agreement had been entered into providing that the Government would agree to drop charges on Count II of the indictment in return for the guilty plea, and that no sentencing recommendation would be made. On August 1, 1975, a sentence of five years probation was imposed.

Petitioner *pro se* filed the instant motion, which stated several related allegations. Liberally construed, the petition alleged that assistance of counsel in this case was ineffective, in that (1) counsel advised petitioner to sign a full and complete statement to the Government; (2) counsel failed to challenge the validity of the search of petitioner's mail, for which no warrant was obtained; (3) counsel did not investigate the facts surrounding the offense; and (4) counsel negotiated a plea agreement behind petitioner's back without petitioner's knowledge or permission and then convinced petitioner to plead guilty on the day of trial when he was "afraid and confused." Petitioner further alleged that the Government withheld evidence which was favorable to him.

After our initial review of the record, we determined that it was not possible to dismiss the motion summarily and that further information was required. Therefore, we appointed counsel for petitioner and ordered that the parties supplement the record, in accordance with Rule 7 of the Rules governing § 2255 motions,[1] by filing affidavits and other documents deemed to be relevant to the issues presented by the petition.

The expanded record provided further information for our consideration. Petitioner's affidavit stated that his counsel advised him to cooperate fully with the investigating authorities before counsel had ever discussed the case with petitioner. Petitioner affirmed that he did not at that time understand why he had been arrested nor the nature of the charges lodged against him. Furthermore, petitioner affirmed that at no time did counsel discuss with him the elements of the crime charged, nor did counsel inform him prior to the time of his guilty plea of the constitutional rights that petitioner possessed with respect to the criminal charges. Finally, petitioner stated that, prior to the time he entered his guilty plea, he was not informed of the existence of any plea bargain.

The attorney who represented petitioner during the criminal proceedings also sub-

---

1. Rule 7 provides as follows:

   (a) *Direction for expansion.* If the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

   (b) *Materials to be added.* The expanded record may include, without limitation, letters predating the filing of the motion in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge. Affidavits may be submitted and considered as part of the record.

   (c) *Submission to opposing party.* In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the party against whom they are to be offered, and he shall be afforded an opportunity to admit or deny their correctness.

   (d) *Authentication.* The court may required the authentication of any material under subdivision (b) or (c).

   A procedure analogous to the one established by this rule, established for cases brought under 28 U.S.C. § 2254, was approved by the Supreme Court ir *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 n. 23 (1976).

mitted an affidavit. He stated that he had been called by defendant after he was arrested, and that counsel had asked to speak with postal employees. Counsel was told at that time of the evidence which the Government had in its possession, including the fact that petitioner was identified as the person who received the package and paid the postage due. The Government agents also told counsel that the package had been discovered in the rewrap section of the Pittsburgh Post Office, where it was sent because the package was falling apart. In the course of rewrapping the package, the gun was found. The Government agents also informed counsel that they would recommend leniency if petitioner cooperated. On the basis of that information, counsel told petitioner to cooperate with the authorities. Counsel then entered into plea negotiations with the Government and was able to obtain a favorable plea agreement.

We have examined this expanded record, the transcripts of the Rule 11 colloquy, and the memoranda submitted. We conclude on the basis of this record that no hearing is necessary, and that the petition should be denied.

In petitioner's *pro se* complaint, the relief requested is that all charges against him be dropped. However, after counsel was appointed, and the petitioner's affidavit was submitted, that affidavit made it clear that the relief sought was withdrawal of a guilty plea. We will therefore treat this petition as a motion to withdraw a guilty plea. *See United States v. Consiglio*, 391 F.Supp. 564, 568 (D.Conn.1975). Federal Rule of Criminal Procedure 32(d) permits the withdrawal of a guilty plea after sentence is imposed in order to correct "manifest injustice." *United States v. Hawthorne*, 502 F.2d 1183 (3d Cir. 1974). In reviewing the record in this case, we will discuss each of petitioner's allegations individually to see if they have merit or are clearly frivolous. *Cf. Moore v. United States*, 571 F.2d 179 (3d Cir. 1978).

■ Petitioner claimed in his § 2255 petition that the Government withheld evidence which was favorable to him. However, this allegation is not further supported by specific factual allegations, either in the petition or in petitioner's affidavit. In the absence of any factual allegations as to the nature of the evidence withheld, etc., we must conclude that this claim is without merit.

■ Petitioner also alleged that the assistance of counsel was inadequate, thereby rendering his plea involuntary, for a variety of reasons. First, petitioner alleged that his lawyer did not inform him of various matters prior to the entry of his guilty plea; e. g., the elements of the crime with which he was charged, the maximum penalty for conviction of that crime, the nature of the constitutional rights which were being waived as a result of the guilty plea, and so forth. Petitioner's affidavit ¶ 3(c)—(d). However, these matters were carefully covered during the Rule 11 colloquy. Transcript at pp. 6–11. At that time, the petitioner had full knowledge of his constitutional rights and related matters, and yet asserted his continuing desire to plead guilty. In view of this fact, we cannot find that petitioner's plea was involuntary, nor that refusal to permit him to withdraw his guilty plea would constitute "manifest injustice."

■ Petitioner further claimed that the plea negotiations took place behind his back, and without his permission, and that he did not know of this agreement until he appeared in court. However, even if we assume that this is true, we do not believe that this allegation is sufficient to warrant the withdrawal of a guilty plea, especially in view of the statements made by defendant during the Rule 11 colloquy. At that time, he stated that he understood the terms of the plea agreement and desired to enter the guilty plea. Transcript at p. 6. This is not a case, such as that arising in *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) or *Moorhead v. United States*, 456 F.2d 992 (3d Cir. 1972), where the petitioner alleges that his guilty plea was induced by misrepresentations made by his counsel or the attorney for the Government. So long as the guilty plea

was voluntary and knowledgeable *at the time it was entered into*, we do not believe that it should be disturbed because petitioner did not know of the agreement until he appeared in court.

▆ Petitioner further attacks certain legal determinations made by his counsel, presumably alleging that counsel's advice to plead guilty, in light of these legal determinations, was not "reasonably competent." *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763. Specifically, petitioner complains about the failure of counsel to challenge the legality of the search of petitioner's package and the advice given of counsel to give a statement to the authorities. We believe that the proper standard for judging this advice, for purposes of the instant motion, is "whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson, supra* at 770–71, 90 S.Ct. at 1449. *Accord, Moore v. United States*, 432 F.2d 730 (3d Cir. 1970).

▆ Judged by this standard, the advice of counsel passes muster. With respect to the propriety of the search of petitioner's package by postal authorities, counsel knew that the package was unwrapped only because it had fallen apart, and the postal authorities had to rewrap it. Under the circumstances, we believe that it was reasonable for counsel to conclude that no illegal search took place. Similarly, the advice counsel gave to petitioner, that he should cooperate with the authorities and give a truthful statement to them, was given after counsel had been informed of the evidence against petitioner and that the postal agents would recommend leniency if petitioner cooperated.[2] We conclude that this advice was within the range of competence to be expected from criminal attorneys and was, under the circumstances, prudent advice.

▆ Finally, petitioner contends that counsel failed to adequately investigate the facts of his case. However, petitioner is able to allege no facts or defenses which counsel would have uncovered had he conducted a thorough investigation. Thus, this case is not one where a criminal defendant is forced to plead guilty because his counsel is inadequately prepared for trial. *See, e. g., United States ex rel. Johnson v. Russell*, 444 F.2d 1177, n. 11 (3d Cir. 1971).

For all of the above reasons, therefore, we deny the instant petition.

2. It is certainly relevant that the petitioner received probation for this offense. The favorable disposition of petitioner's case is due in no small measure to the competency of his counsel's representation.