**Jackie N. SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 82–1106.

United States Court of Appeals, Eighth Circuit.

Submitted May 5, 1982.

Decided May 7, 1982.

---

Jackie Neal Smith, pro se.

George W. Proctor, U. S. Atty., Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

In 1973, Jackie N. Smith pleaded guilty to a charge of aiding and abetting a bank robbery,[1] and was sentenced to seven years imprisonment by the United States District Court for the Eastern District of Arkansas. In June 1981, Smith initiated this *pro se* action under 28 U.S.C. § 2255, requesting that his sentence be vacated. Three grounds were alleged by petitioner in support of his claim: (1) denial of his constitutional right to a speedy trial, (2) ineffective assistance of counsel, and (3) failure of the trial judge to fully advise petitioner of his rights as required by Fed.R.Crim.P. 11. The district court[2] denied Smith's petition and this appeal followed.[3]

■ We agree with the district court that the petition should be denied. Because a voluntary guilty plea[4] effectively waives all nonjurisdictional defects, *see, e.g., Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Johnson v. Petrovsky*, 626 F.2d 72 (8th Cir. 1980) (per curiam), Smith is precluded from obtaining relief on the ground he was unconstitutionally denied a speedy trial unless he can initially demonstrate that his plea of guilty was not based upon reasonably competent advice of counsel. *See Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 1607–08, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. at 770–71, 90 S.Ct. at 1448–49. This necessarily encompasses Smith's claim that he did not receive adequate legal representation. Specifically, Smith alleged that he

---

1. A violation of 18 U.S.C. § 2113(d).

2. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

3. In addition to his petition to vacate sentence, Smith filed a motion to subpoena certain prison records. This motion, also denied by the district court, is not pursued in this appeal.

4. Smith has not contested the voluntariness of his guilty plea.

had been denied effective assistance of counsel because his defense attorney failed to raise the speedy trial claim in the antecedent criminal proceedings. A careful examination of the record, however, clearly refutes this contention. Smith's trial counsel sought to dismiss the indictment by a motion, later abandoned, which was based upon the delay in bringing the case to trial. Additionally, the attorney, in an affidavit submitted by the government, stated that he discussed with Smith the full ramifications of a guilty plea, "including the fact that it would mean he would abandon his Motion to Dismiss filed on the basis of denial of a speedy trial." In light of these considerations, we agree with the district court that the legal assistance provided was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. at 771, 90 S.Ct. at 1449. Consequently, Smith cannot prevail on either the first or second alleged basis for relief.

■ Similarly, we find no error in the district court's dismissal of Smith's claim that the trial judge failed to fully advise him of his rights pursuant to Fed.R.Crim.P. 11. This claim is merely a conclusory allegation, unsupported by specifics. As such, it was a proper subject for summary dismissal. *See, e.g., United States v. Goodman*, 590 F.2d 705, 710–11 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

In sum, we find no error in the denial of Smith's petition. The judgment of the district court is affirmed.