UNITED STATES of America

v.

Gerard THOMPSON.

Crim. No. 82–0094.

United States District Court,
E.D. Pennsylvania.

Nov. 25, 1983.

Luther E. Weaver, III, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Gerard Thompson, pro se.

## OPINION

LUONGO, Chief Judge.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 is before me. The United States Attorney has responded to this motion and I have reviewed the motion, response, and the trial transcript. Because I find no basis for the relief petitioner requests, I will deny his motion. For the reasons discussed below, I also decline to hold an evidentiary hearing, as I may in my discretion decide to do, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Court, 28 U.S.C. foll. § 2255.

Petitioner was convicted by a jury in June 1982 of two counts of bank robbery. His petition, filed in June 1983, raises five objections to the conduct of the trial: (1)

**652**

insufficient evidence to support the verdict; (2) error of this court in failing to sever the two counts of bank robbery; (3) error of this court in allowing a lay witness to identify the defendant in bank surveillance photographs; (4) ineffective assistance of counsel; and (5) denial of defendant's right to appeal.

█ The first three issues were raised by petitioner's counsel in a Motion for New Trial. After oral argument, I denied the motion. Petitioner has provided no further argument on these issues and because I believe my initial rulings and my ruling on the Motion for a New Trial to have been correct, I see no reason to change them. An evidentiary hearing would serve no purpose as these are all legal, not factual, questions.

█ The issue of denial of effective counsel and denial of appeal are really the same issue. The only allegation that petitioner makes of his counsel's ineffectiveness is the failure to file an appeal.[1] If I believed that there were any basis on which petitioner might have prevailed on appeal, I would hold an evidentiary hearing to determine the reason for counsel's not having appealed. However, since I believe there were no viable grounds for appeal, the reason for not appealing is irrelevant. Section 2255 does not require an evidentiary hearing when "the files & records of the case conclusively show that the prisoner is entitled to no relief...." *Raines v. United States*, 434 F.Supp. 1168, 1170 (W.D.Pa. 1977). I will discuss each of petitioner's claims to determine if there is a possibility of relief.

█ The evidence against petitioner was very strong for each of the robberies. In both cases there were clear bank surveillance photographs and in-court identifications of the defendant by the tellers involved. In the Germantown Savings Bank robbery there was also an identification by the Assistant Manager of the bank and in the Provident National robbery by a customer. The teller at Provident had also previously selected defendant's photograph from a photo spread. It is clear that this evidence was more than sufficient to support the verdict. In addition, even if my ruling allowing a lay witness to identify defendant in the surveillance photographs was in error, it was harmless.

█ The remaining ground upon which petitioner could have appealed is my denial of the motion to sever the two counts of the indictment. The joinder of these counts is permissible under Fed.R.Crim.P. 8 if the offenses charged are "of the same or similar character." However, if the joinder prejudices the defendant, the court may grant severance pursuant to Fed.R.Crim.P. 14. The arguments of petitioner's trial counsel that these robberies were dissimilar because one occurred in Philadelphia and one in Wynnewood; one involved a commercial bank, the other a savings bank; one involved three men, the other a single robber; were unpersuasive and I ruled that joinder was appropriate. In ruling on the motion to sever, I balanced the convenience of trying the counts together against any prejudice to the defendant. *United States v. Serubo*, 460 F.Supp. 689, 693 (E.D.Pa. 1978), *vacated on other grounds*, 604 F.2d 807 (3d Cir.1979). Trial counsel had raised the possibility of the jury confusing the two incidents and the proofs for each robbery. The conduct of the trial confirmed the correctness of my conclusion that the risk of confusion was minimal. The trial was short and the evidence was presented in an unconfusing manner. The evidence for each independent count was clearly sufficient to support the convictions.

Because I conclude that the trial rulings were correct or, if incorrect, were harmless error, I find there was no basis on which defendant could have prevailed on appeal. There is, accordingly, no reason to schedule

---

**1.** "After being incarserated (*sic*) for (15) months I called my lawyer to find out when my appeal was going to be heard. He stated to me that he felt that I received a rather light sentence and that I did not want an appeal. It was a misunderstanding on his part." Petitioner's Motion under § 2255.

a hearing on petitioner's claim that counsel's ineffectiveness resulted in a denial of the right of appeal. If there was a denial of that right, petitioner has not been harmed by it.

For the foregoing reasons, I will deny petitioner's motion under § 2255.