**UNITED STATES of America**

v.

**Frederick L. JOHNSON.**

**Crim. No. 80–162.**

United States District Court, E.D. Pennsylvania.

Jan. 15, 1986.

Frederick L. Johnson, pro se.

No opposing counsel.

## OPINION

LUONGO, Chief Judge.

On July 28, 1980 petitioner Frederick L. Johnson pled guilty before me to three counts charging him with distribution of heroin. On August 29, 1980 I sentenced him to a total of three years' imprisonment to be followed by three years of special parole. Johnson has now filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because the motion and the records of this case "conclusively show that the prisoner is entitled to no relief" under § 2255, I will deny the motion without an evidentiary hearing.

Johnson seeks relief on the grounds that: (1) his rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated; (2) a confession he gave to a government agent was coerced; (3) he was denied effective assistance of counsel; (4) the United States Bureau of Prisons has not given him credit for certain time he spent in federal custody; and (5) he was improperly released and reincarcerated by the federal government after serving a state sentence.

Johnson's first two allegations are not, in themselves, grounds for relief under § 2255. By pleading guilty, he forfeited his right to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). *See also Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Even if his speedy trial rights were violated and his confession coerced, he "may only attack the voluntary and intelligent character of the guilty plea" by showing that he did not receive competent advice from counsel. *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608. *See also, e.g., Smith v. United States*, 677 F.2d 39, 40 (8th Cir.1982); *Franklin v. United States*, 589 F.2d 192, 194 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979); *Abram v. United States*, 398 F.2d 350 (3d Cir.1968).

I must therefore consider whether Johnson was competently advised by counsel. A defendant claiming ineffective assistance "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). With respect to Johnson's rights under the Speedy Trial Act, the record reveals that his attorney filed a motion to dismiss because of delay. At the guilty plea proceedings, Johnson acknowledged that he had instructed his attorney to withdraw the motion even though he recognized the possibility that he could prevail. The record thus establishes that Johnson was advised of his speedy trial rights and chose not to pursue them.

■ Johnson's confession was not specifically discussed at the guilty plea proceedings. The mere possibility that Johnson's counsel did not properly advise him concerning the ramifications of an involuntary confession does not, however, require me to hold an evidentiary hearing on the question of counsel's effectiveness. As the Supreme Court held in *McMann v. Richardson*, 397 U.S. at 769–71, 90 S.Ct. at 1448, even a misjudgment by counsel as to the admissibility of a confession does not invalidate a guilty plea unless counsel's actions were completely outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 771, 90 S.Ct. at 1449. Johnson has made no specific allegations which would support a finding of such incompetence. Further, the record shows considerable justification for a decision to plead guilty. At the guilty plea proceedings, the Assistant United States Attorney gave a detailed recital of the government's evidence, stating that the charges against Johnson were based upon his sales of heroin to government agents. Johnson acknowledged that the government could present such evidence and that he had committed the acts charged. In light of the record and Johnson's failure to present detailed facts to support his claim of attorney ineffectiveness, an evidentiary hearing is not warranted. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 75–76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982); *United States v. Baylin*, 531 F.Supp. 741, 754 (D.Del.), *remanded on other grounds*, 696 F.2d 1030 (3d Cir. 1982).

■ Johnson's remaining allegations concerning his counsel's effectiveness are also too vague and conclusory to preclude summary dismissal. He complains that his attorney was appointed late, talked him into pleading guilty against his wishes, did not prepare his case for trial and did not file a motion for reduction of sentence under Fed.R.Crim.P. 35. Johnson pled guilty on July 28, 1980. He alleges no facts which would support a finding that his attorney, who was appointed May 29, 1980, did not have time to prepare. At the guilty

plea proceedings, after being advised as to the consequences of testifying untruthfully, Johnson stated that his plea was voluntary and not induced by threats or promises. In light of his conclusive statements under oath, his general allegations concerning coercion do not warrant an evidentiary hearing. *See Blackledge*, 431 U.S. at 75–76, 97 S.Ct. at 1630. Similarly, without specific allegations concerning "the facts or defenses which counsel would have uncovered" had he been prepared, Johnson cannot demand a hearing on the issue of whether his counsel's preparation was adequate. *E.g., United States v. Thomas*, 470 F.Supp. 968, 972 (E.D.Pa.), *aff'd mem.*, 612 F.2d 575 (3d Cir.1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980). Finally, although an attorney's failure to file a Rule 35 motion can be a ground for relief under § 2255, *United States v. Ackerman*, 619 F.2d 285, 287–88 (3d Cir.1980), such relief is not justified in this case. Johnson has not alleged that he requested counsel to file such a motion or that he had a basis to do so. As I made clear at time of sentencing, Johnson's sentence was substantially lighter than that normally imposed upon persons with his criminal record. In view of the relative leniency of Johnson's sentence and the vagueness of his claim for relief, I will reject his claim without further proceedings. *See United States v. Thompson*, 574 F.Supp. 651, 652–53 (E.D.Pa.1983); *United States v. Sicenavage*, 496 F.Supp. 121, 124–25 (E.D.Pa.1980).

Johnson's fourth and fifth grounds for relief relate to actions taken by the Bureau of Prisons after his sentence was imposed. He asserts that he was improperly denied credit toward his sentence for certain time spent in federal custody. He also states that he was in the custody of the Commonwealth of Pennsylvania from December 8, 1980 until August 19, 1982, and that he was released even though he told authorities he had a pending three-year federal sentence. He was free for 29 months before he was picked up by the federal government. Johnson claims that the federal government, by failing to take him into custody upon the expiration of his state

sentence, waived the right to reincarcerate him.

These claims challenge the execution of Johnson's sentence by federal prison authorities, not the validity of the sentence as imposed. They therefore do not provide a basis for relief under § 2255, but should be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985); *United States v. Giddings,* 740 F.2d 770 (9th Cir.1984); *United States v. Grimes,* 641 F.2d 96, 99 (3d Cir.1981). *See also United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (§ 2255 encompasses only errors which affect the lawfulness of the judgment or sentence itself); *Kiendra v. Hadden,* 763 F.2d 69 (2d Cir.1985) (granting relief under 28 U.S.C. § 2241 on grounds similar to those alleged here). A habeas petition, however, must be filed in the district in which there is jurisdiction over the prisoner or his custodian. *Brown,* 753 F.2d at 456; *Grimes,* 641 F.2d at 99 n. 7. Because Johnson is incarcerated in Ray Brook, New York, I lack jurisdiction to consider his claims regarding the execution of his sentence.

Johnson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 will be denied.