[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2024

 ALFONSO A. BLANCO,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Raymond J. Pettine, Senior U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

 Alfonso A. Blanco on brief pro se.
 
 Lincoln c. Almond, United States Attorney, Margaret E.
 
Curran and Kenneth P. Madden, Assistant United States Attorneys,
 
on brief for appellee.

 

 June 9, 1993
 

 Per Curiam. The appellant, Alfonso Blanco, pleaded
 

guilty in 1989 to three counts of possessing cocaine with

intent to distribute. The government had also charged Blanco

with two counts of attempted distribution, and one count of

conspiracy to distribute, but it dropped those charges in

return for Blanco's guilty plea. The district court,

following the Sentencing Guidelines, sentenced Blanco to 84

months in prison. Blanco appealed, challenging the sentence,

and we affirmed. United States v. Blanco, 888 F.2d 907 (1st
 

Cir. 1989).

 In 1992 Blanco filed a pro se "Motion for Findings of
 

Fact Pursuant to FRCP 32 and Modification of Sentence

Pursuant to 28 United States Code Section 2255." The

district court denied the motion, and this appeal followed.

We affirm.

 Blanco's primary claim is that his guilty plea was

"involuntary" because he received ineffective assistance of

counsel -- specifically, because his lawyer mistakenly

assured him that, if he pleaded guilty, he would receive only

a twenty-seven month prison sentence. Although Blanco

divides his brief into separate sections on involuntariness

and ineffective assistance, the Supreme Court has made it

clear that where a defendant pleads guilty on advice of

counsel, "the voluntariness of the plea depends on whether

counsel's advice 'was within the range of competence demanded

 -2-

of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S.
 

52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759,
 

771 (1970)). Accordingly, we will treat Blanco's

involuntariness and ineffective assistance arguments as a

unit, focusing on the adequacy of counsel's advice.

 In Hill v. Lockhart, the Supreme Court also made it
 

clear that the two-part standard for evaluating claims of

ineffective assistance of counsel, first announced in

Strickland v. Washington, 466 U.S. 668 (1984), applies to the
 

guilty-plea process. Hill, 474 U.S. at 57. The court must
 

ask: (1) whether counsel's advice was within the range of

competence demanded of attorneys in criminal cases, and (2)

whether the defendant suffered "prejudice." Prejudice, in

this context, means "a reasonable probability that, but for

counsel's errors, [the defendant] would not have pleaded

guilty and would have insisted on going to trial." Id. at
 

59.

 A number of courts have held that a lawyer does not

render ineffective assistance if, while advising a client

about whether to plead guilty, the lawyer merely makes an

inaccurate prediction about the expected sentence. See,
 

e.g., United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.
 

1990); United States v. Sweeney, 878 F.2d 68, 69 (2d Cir.
 

1989); United States v. Turner, 881 F.2d 684, 687 (9th Cir.
 

1989). Cf. Iaea v. Sunn, 800 F.2d 861 (9th Cir. 1986)
 

 -3-

(though "mere inaccurate prediction" would not be ineffective

assistance, lawyer's "gross mischaracterization of the likely

outcome," combined with erroneous advice about possible

effects of going to trial, fell "below the level of

competence required of defense attorneys"). 

 We need not determine whether the lawyer's lack of

clairvoyance here fell below the level of competence required

of defense attorneys, because we conclude that Blanco's

allegations were insufficient to satisfy the prejudice

requirement. Blanco never even told the district court that,

but for counsel's mistake, he would have pleaded not guilty

and insisted on going to trial, Hill v. Lockhart, 474 U.S. at
 

60,1 and he has given us no reason to believe that the

faulty estimate of his sentence might actually have "affected

the outcome of the plea process" in that way. Id. at 59. 
 

The trial judge told Blanco in no uncertain terms at the plea

hearing that he would not be able to determine Blanco's

sentence until after the presentence report had been
 

completed, that in passing sentence the court would not be

bound by the prosecutor's recommendation, and that the court

could even, in appropriate circumstances, depart upwards from

the Sentencing Guidelines range. Blanco told the court that

he understood these conditions. He then admitted his guilt

 

1. Blanco made this assertion for the first time in his
appellate brief.

 -4-

under oath (and even today does not deny it), and received a

sentence which, though longer than his lawyer's prediction,

still was substantially shorter than the sixty-year statutory

maximum about which the court had also warned him. These

facts vitiate any contention that Blanco relied solely on his

lawyer's optimism in deciding whether to plead guilty, or

that he would have pleaded not guilty had he received a more

pessimistic (and accurate) estimate from counsel.

 Blanco says that his lawyer also rendered ineffective

assistance by failing to prepare adequately for a trial.

According to Blanco, the lawyer neither conducted a pretrial

investigation nor filed all the "required" pretrial motions.

A claim of ineffective preparation requires the Section 2255

petitioner to make "specific allegations concerning 'the

facts or defenses which counsel would have uncovered' had he

been prepared." United States v. Johnson, 624 F.Supp. 1191,
 

1194 (E.D.Pa. 1986) (quoting United States v. Thomas, 470
 

F.Supp. 968, 972 (E.D.Pa. 1979)). Blanco says only that his

lawyer's inaction "precluded the mounting of an effective

entrapment defense." This allegation, however, is undone by

(1) Blanco's failure to state any facts which would show that
 

the lawyer could have come up with an entrapment defense had

he worked harder, and (2) the lawyer's statement, made

without contradiction in Blanco's presence at the sentencing

hearing, that "[a]fter reviewing the evidence, after speaking

 -5-

with Mr. Blanco at great length . . . we realized that [an

entrapment defense] was to no avail."

 Finally, Blanco claims that the district court violated

Fed. R. Crim. P. 32 when it sentenced him. Rule 32(a)(1)(A)

requires the trial court to "determine that the defendant and

defendant's counsel have had the opportunity to read and

discuss the presentence investigation report" before the

court imposes sentence. Blanco says that the district court

did not satisfy this requirement because it never asked him

(1) whether he had read the report, (2) whether he had

discussed it with his lawyer, and (3) whether he wanted to

challenge any facts in it. See United States v. Rone, 743
 

F.2d 1169, 1174 (7th Cir. 1984) (requiring sentencing court

to ask those three questions).

 Unlike the Seventh Circuit, this court has never

demanded that the district court comply with Rule 32(a)(1)(A)

by asking such specific questions. Rather, "binding

precedent in this circuit has directed that if it is

abundantly clear from the sentencing hearing that both

defendant and his counsel are familiar with the report, a new

sentencing hearing will not be mandated, even if the court

failed to directly inquire whether the defendant had an

opportunity to review the report. . . ." United States v.
 

Manrique, 959 F.2d 1155, 1157-58 (1st Cir. 1992). See also
 

United States v. Serino, 835 F.2d 924, 931 (1st Cir. 1987).
 

 -6-

 According to the transcript of the sentencing hearing in

this case, the district court certainly had "abundant" reason

to determine that Blanco's lawyer had received and read the

presentence investigation report. The lawyer stated his

objections to the report so specifically as to leave no doubt

of his familiarity with its contents. 

 Although the discussion at the sentencing hearing did

not reveal to the district court whether Blanco had seen the
 

presentence report, we know that he did: his Section 2255

motion tells us that "[p]rior to sentencing the Petitioner

and his counsel reviewed the Pre-sentence Investigation

Report prepared by the United States Probation Office." In

similar circumstances, this court recently found no violation

of Rule 32(a)(1)(A), reasoning that "[a]s the record well

establishes that defense counsel was intimately familiar with

the [presentence report], we will not assume that defense

counsel did not discuss so critically important a document

with his client, especially since appellant claims no

dereliction." United States v. Cruz, 981 F.2d 613, 619-20
 

(1st Cir. 1992).

 Even if the district court did violate Rule 32(a)(1)(A),

its lapse is not corrigible in this collateral proceeding.

The Supreme Court has held that a trial court's failure "to

ask a defendant represented by an attorney whether he has

anything to say before sentence is imposed is not of itself

 -7-

an error of the character or magnitude cognizable under a

writ of habeas corpus." Hill v. United States, 368 U.S. 424,
 

428 (1962). See also Padilla Palacios v. United States, 932
 

F.2d 31, 36 n.8 (1st Cir. 1991). The Supreme Court in Hill
 

v. United States was referring to the trial court's general
 

duty, under Rule 32(a)(1)(C), to give a pleading defendant a

chance to speak before sentencing, but we think that the

principle also suits the court's more specific obligation

under Rule 32(a)(1)(A). The failure to ask a defendant

whether he has had the opportunity to read and discuss the

presentence investigation report, like the failure to hear a

defendant's statement in mitigation of his sentence, is an

error which in itself "is neither jurisdictional nor

constitutional. It is not a fundamental defect which

inherently results in a complete miscarriage of justice, nor

an omission inconsistent with the rudimentary demands of fair

procedure." Hill v. United States, 368 U.S. at 428.
 

 The Supreme Court in Hill left open the possibility that
 

Section 2255 relief might "be available if a violation of

Rule 32(a) occurred in the context of other aggravating

circumstances." Id. The underlying concern is "that matters
 

in mitigation of sentence should be fairly presented to a

sentencing judge prior to rendition of final sentence." Katz
 

v. King, 627 F.2d 568, 576 (1st Cir. 1980). Thus, in Green
 

v. United States, 313 F.2d 6, 9-10 (1st Cir. 1963), this
 

 -8-

court vacated the denial of a Section 2255 motion where the

petitioner claimed that he had been denied his right to

address the court before sentencing, and that as a result the

court did not learn "of several matters unknown to

[petitioner's] counsel which would have corrected false

impressions implanted in the mind of the court by remarks of

the assistant district attorney."

 Blanco cannot build upon this rock. He tells us that,

when he reviewed the presentence report with his lawyer, he

registered objections to the amount of cocaine reportedly

involved, and to the decision not to give him a two-level

Sentencing Guidelines adjustment for acceptance of

responsibility.2 The lawyer presented these objections to

the district court (and later, on direct appeal, to this

court). Since the "matters in mitigation" were presented to

the district court before it passed sentence, we find no

"aggravating circumstances" that might warrant Section 2255

relief.

 Affirmed.
 

 

2. Blanco also says that he objected to the manner in which
the presentence report "inaccurately portrayed his
involvement in the offense activity." However, he never
described how the report was inaccurate, nor stated the
 
factual objections he might have presented to the district
court had he been given the opportunity.

 -9-