995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfonso A. BLANCO, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 92-2024.
 United States Court of Appeals,
First Circuit.
 June 9, 1993.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Alfonso A. Blanco on brief pro se.
 Lincoln c. Almond, United States Attorney, Margaret E. Curran and Kenneth P. Madden, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant, Alfonso Blanco, pleaded guilty in 1989 to three counts of possessing cocaine with intent to distribute. The government had also charged Blanco with two counts of attempted distribution, and one count of conspiracy to distribute, but it dropped those charges in return for Blanco's guilty plea. The district court, following the Sentencing Guidelines, sentenced Blanco to 84 months in prison. Blanco appealed, challenging the sentence, and we affirmed. United States v. Blanco, 888 F.2d 907 (1st Cir. 1989).
 
 
 2
 In 1992 Blanco filed a pro se "Motion for Findings of Fact Pursuant to FRCP 32 and Modification of Sentence Pursuant to 28 United States Code Section 2255." The district court denied the motion, and this appeal followed. We affirm.
 
 
 3
 Blanco's primary claim is that his guilty plea was "involuntary" because he received ineffective assistance of counsel-specifically, because his lawyer mistakenly assured him that, if he pleaded guilty, he would receive only a twenty-seven month prison sentence. Although Blanco divides his brief into separate sections on involuntariness and ineffective assistance, the Supreme Court has made it clear that where a defendant pleads guilty on advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Accordingly, we will treat Blanco's involuntariness and ineffective assistance arguments as a unit, focusing on the adequacy of counsel's advice.
 
 
 4
 In Hill v. Lockhart, the Supreme Court also made it clear that the two-part standard for evaluating claims of ineffective assistance of counsel, first announced in Strickland v. Washington, 466 U.S. 668 (1984), applies to the guilty-plea process. Hill, 474 U.S. at 57. The court must ask: (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and (2) whether the defendant suffered "prejudice." Prejudice, in this context, means "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 5
 A number of courts have held that a lawyer does not render ineffective assistance if, while advising a client about whether to plead guilty, the lawyer merely makes an inaccurate prediction about the expected sentence. See, e.g., United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); United States v. Sweeney, 878 F.2d 68, 69 (2d Cir. 1989); United States v. Turner, 881 F.2d 684, 687 (9th Cir. 1989). Cf. Iaea v. Sunn, 800 F.2d 861 (9th Cir. 1986) (though "mere inaccurate prediction" would not be ineffective assistance, lawyer's "gross mischaracterization of the likely outcome," combined with erroneous advice about possible effects of going to trial, fell "below the level of competence required of defense attorneys").
 
 
 6
 We need not determine whether the lawyer's lack of clairvoyance here fell below the level of competence required of defense attorneys, because we conclude that Blanco's allegations were insufficient to satisfy the prejudice requirement. Blanco never even told the district court that, but for counsel's mistake, he would have pleaded not guilty and insisted on going to trial, Hill v. Lockhart, 474 U.S. at 60,[1] and he has given us no reason to believe that the faulty estimate of his sentence might actually have "affected the outcome of the plea process" in that way. Id. at 59. The trial judge told Blanco in no uncertain terms at the plea hearing that he would not be able to determine Blanco's sentence until after the presentence report had been completed, that in passing sentence the court would not be bound by the prosecutor's recommendation, and that the court could even, in appropriate circumstances, depart upwards from the Sentencing Guidelines range. Blanco told the court that he understood these conditions. He then admitted his guilt under oath (and even today does not deny it), and received a sentence which, though longer than his lawyer's prediction, still was substantially shorter than the sixty-year statutory maximum about which the court had also warned him. These facts vitiate any contention that Blanco relied solely on his lawyer's optimism in deciding whether to plead guilty, or that he would have pleaded not guilty had he received a more pessimistic (and accurate) estimate from counsel.
 
 
 7
 Blanco says that his lawyer also rendered ineffective assistance by failing to prepare adequately for a trial. According to Blanco, the lawyer neither conducted a pretrial investigation nor filed all the "required" pretrial motions. A claim of ineffective preparation requires the Section 2255 petitioner to make "specific allegations concerning 'the facts or defenses which counsel would have uncovered' had he been prepared." United States v. Johnson, 624 F.Supp. 1191, 1194 (E.D.Pa. 1986) (quoting United States v. Thomas, 470 F.Supp. 968, 972 (E.D.Pa. 1979)). Blanco says only that his lawyer's inaction "precluded the mounting of an effective entrapment defense." This allegation, however, is undone by (1) Blanco's failure to state any facts which would show that the lawyer could have come up with an entrapment defense had he worked harder, and (2) the lawyer's statement, made without contradiction in Blanco's presence at the sentencing hearing, that "[a]fter reviewing the evidence, after speaking with Mr. Blanco at great length ... we realized that [an entrapment defense] was to no avail."
 
 
 8
 Finally, Blanco claims that the district court violated Fed. R. Crim. P. 32 when it sentenced him. Rule 32(a)(1)(A) requires the trial court to "determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report" before the court imposes sentence. Blanco says that the district court did not satisfy this requirement because it never asked him (1) whether he had read the report, (2) whether he had discussed it with his lawyer, and (3) whether he wanted to challenge any facts in it. See United States v. Rone, 743 F.2d 1169, 1174 (7th Cir. 1984) (requiring sentencing court to ask those three questions).
 
 
 9
 Unlike the Seventh Circuit, this court has never demanded that the district court comply with Rule 32(a)(1)(A) by asking such specific questions. Rather, "binding precedent in this circuit has directed that if it is abundantly clear from the sentencing hearing that both defendant and his counsel are familiar with the report, a new sentencing hearing will not be mandated, even if the court failed to directly inquire whether the defendant had an opportunity to review the report...." United States v. Manrique, 959 F.2d 1155, 1157-58 (1st Cir. 1992). See also United States v. Serino, 835 F.2d 924, 931 (1st Cir. 1987).
 
 
 10
 According to the transcript of the sentencing hearing in this case, the district court certainly had "abundant" reason to determine that Blanco's lawyer had received and read the presentence investigation report. The lawyer stated his objections to the report so specifically as to leave no doubt of his familiarity with its contents.
 
 
 11
 Although the discussion at the sentencing hearing did not reveal to the district court whether Blanco had seen the presentence report, we know that he did: his Section 2255 motion tells us that "[p]rior to sentencing the Petitioner and his counsel reviewed the Pre-sentence Investigation Report prepared by the United States Probation Office." In similar circumstances, this court recently found no violation of Rule 32(a)(1)(A), reasoning that "[a]s the record well establishes that defense counsel was intimately familiar with the [presentence report], we will not assume that defense counsel did not discuss so critically important a document with his client, especially since appellant claims no dereliction." United States v. Cruz, 981 F.2d 613, 619-20 (1st Cir. 1992).
 
 
 12
 Even if the district court did violate Rule 32(a)(1)(A), its lapse is not corrigible in this collateral proceeding. The Supreme Court has held that a trial court's failure "to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." Hill v. United States, 368 U.S. 424, 428 (1962). See also Padilla Palacios v. United States, 932 F.2d 31, 36 n.8 (1st Cir. 1991). The Supreme Court in Hill v. United States was referring to the trial court's general duty, under Rule 32(a)(1)(C), to give a pleading defendant a chance to speak before sentencing, but we think that the principle also suits the court's more specific obligation under Rule 32(a)(1)(A). The failure to ask a defendant whether he has had the opportunity to read and discuss the presentence investigation report, like the failure to hear a defendant's statement in mitigation of his sentence, is an error which in itself "is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. at 428.
 
 
 13
 The Supreme Court in Hill left open the possibility that Section 2255 relief might "be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances." Id. The underlying concern is "that matters in mitigation of sentence should be fairly presented to a sentencing judge prior to rendition of final sentence." Katz v. King, 627 F.2d 568, 576 (1st Cir. 1980). Thus, in Green v. United States, 313 F.2d 6, 9-10 (1st Cir. 1963), this court vacated the denial of a Section 2255 motion where the petitioner claimed that he had been denied his right to address the court before sentencing, and that as a result the court did not learn "of several matters unknown to [petitioner's] counsel which would have corrected false impressions implanted in the mind of the court by remarks of the assistant district attorney."
 
 
 14
 Blanco cannot build upon this rock. He tells us that, when he reviewed the presentence report with his lawyer, he registered objections to the amount of cocaine reportedly involved, and to the decision not to give him a two-level Sentencing Guidelines adjustment for acceptance of responsibility.[2] The lawyer presented these objections to the district court (and later, on direct appeal, to this court). Since the "matters in mitigation" were presented to the district court before it passed sentence, we find no "aggravating circumstances" that might warrant Section 2255 relief.
 
 
 15
 Affirmed.
 
 
 
 [1]
 Blanco made this assertion for the first time in his appellate brief
 
 
 [2]
 Blanco also says that he objected to the manner in which the presentence report "inaccurately portrayed his involvement in the offense activity." However, he never described how the report was inaccurate, nor stated the factual objections he might have presented to the district court had he been given the opportunity